UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBORAH ANN BUCZEK,

        Plantiff,

-v-

PATRICK O'CARROLL, JR., JOHN KOSKINEN,
ROBIN ASHTON, GILBERT REYES, DAVID S. SMITH,
JEFFREY T. COLOSON, PHYLLIS BROWN, JOHN M.
JANUSZ, THOMAS R. THOMAS, FRANCES F. REGAN,
ANNE D. MELZER, MICHAEL SMITH, JOHN O'DEA,
CHRIS COLLINS, WILLIAM McCONNAUGHY, FEIN SUCH &
CRANE, LP, KEY BANK NATIONAL, DAVE KEPICH,
MARK K. BROYLES, DAVID P. CASE, SUSAN H. CAHILL,
NICOLE MANGES, KEVIN TOMPSETT,

        Defendants.

**DECISION and ORDER**
15-CV-273S

---

## INTRODUCTION

Plaintiff Deborah Ann Buczek has filed this *pro se* action seeking relief under 26 U.S.C. § 7433 (Docket No. 1)[1] and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff alleges that the numerous defendants, who include the Commissioner of the Internal Revenue Service ("IRS"), an IRS Agent, a local Congressman, a Certified Public Accountant, a bank, and a law firm, have in some way participated in the unlawful levying of Plaintiff's assets and collection of her taxes. She seeks relief against each of the defendants under § 7433.

---

[1] The complaint and its numerous attachments are approximately five to six inches thick.

For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted, but unless Plaintiff files an amended complaint as directed, the complaint will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), Plaintiff is granted permission to proceed *in forma pauperis*. Twenty-eight U.S.C. § 1915(e)(2)(B) provides that a court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

In evaluating a complaint, a court must accept as true all of the factual allegations and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)) (internal quotation and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*).

"A document filed *pro se* is to be liberally construed, . . ., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94, 127 S.Ct. at 2200, 167 L.Ed.2d 1081 (internal quotation marks and citations omitted). Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas,* 480 F.3d at 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

### A. PLAINTIFF'S CLAIMS

Plaintiff expressly brings this action pursuant to 26 U.S.C. § 7433 and claims, as best the Court can discern, that defendant Gilbert Reyes, an IRS Agent, and others, unlawfully levied against her assets and collected taxes from her. Not all of the twenty-plus defendants named in the complaint are tied specifically to any of the allegations made.

3

Plaintiff alleges that her social security benefits were unlawfully levied against and collected by the IRS, specifically by IRS Agent Reyes. Throughout the complaint Plaintiff alleges that her social security checks were "stolen" or "levied" without due process. Plaintiff alleges that Reyes took $946 from her bank account on two separate occasions, which she claims were proceeds from her social security benefit checks.

Plaintiff contends that Reyes imposed an unlawful lien against her social security benefits and that the lien imposed was not a true lien, but simply a "notice of lien." Additionally, Plaintiff claims that the lien imposed was unlawful because it violated the 15% cap on continuous liens established by 26 U.S.C. § 6331. Plaintiff, aware of these alleged abuses, filed timely requests for Collection Due Process Hearings ("CDP Hearing"), pursuant to 26 U.S.C. 6330, for tax years 2003, 2005, 2006, and 2007. She claims the requests were never honored and that, while a CDP Hearing request is pending, IRS liens and levies are strictly prohibited. This, she claims, rendered the liens imposed by Reyes for those tax years invalid. Plaintiff filed another CDP Hearing request in 2014, which Reyes responded to with a letter, dated April 17, 2014, allegedly stating that the IRS would seize and sell Plaintiff's property without due process of law. (Complaint, at p.5.)

In addition to Reyes, Plaintiff sues, among others, Key Bank and its employee, Dave Kepich, alleging that Key Bank and Kepich consented to Reyes unlawfully removing funds from her account in the amount of $10,000.[2] Plaintiff also alleges that Reyes directed two

---

[2]To the extent Plaintiff claims that Key Bank, Kepich, and any other defendants cooperated with IRS Agent Reyes by surrendering any property to the IRS upon demand, they cannot be sued herein. *See* 26 U.S.C. § 6332(e). Section 6332(e) provides that

> **(e) Effect of honoring levy.--** Any person in possession of ... property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property ... to the Secretary ... shall be discharged from any obligation or

4

individuals, Kevin Tompsett and Nicole Manges, former employees of her son, Adam John Buczek, to steal more than $200,000 from her, to provide Reyes with private books and records, and to falsify and fabricate information. It appears these activities were related to Reyes's levy and collection practices against Plaintiff. Similarly, Plaintiff alleges that William McConnaughy, a Certified Public Accountant, "aided and abetted" the IRS's offenses by committing tax fraud. Plaintiff contends that this resulted in a monetary loss of $200,000.

## B. LACK OF SUBJECT-MATTER JURISDICTION

A federal district court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80, 2 L.Ed. 60 (1803)).

The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Assoc. of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) (citations omitted). Further, "a district court may dismiss a complaint for lack of subject matter jurisdiction where the allegations are totally implausible, attenuated and

---

liability to the delinquent taxpayer and any other person with respect to such property or rights to such property arising from such surrender or payment."

"Section 6332(e) has been 'consistently interpreted to be valid' and 'unambiguously...protect[s] parties who comply with an IRS notice of levy from facing liability." *Dietz v. Trustco Bank*, 572 F.Supp.2d 296, 298 (N.D.N.Y. 2008).

5

insubstantial." *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1378-79, 39 L.Ed.2d 577 (1974).

Here, the claims against each of the defendants named in the complaint must be dismissed because the unambiguous language of § 7433 provides that claims under this section can be brought only against the United States. Section 7433(a) provides:

> "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the *United States* in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

26 U.S.C. § 7443(a) (emphasis added).

As the plain language states, § 7433(a) provides for suits against only the United States, not against the IRS or individual IRS agents. *Hughes v. IRS*, 62 F.Supp.2d 796, 799-800 (E.D.N.Y.1999); *see also Hudson Valley Black Press v. IRS*, 409 F.3d 106, 111 (2d Cir. 2005) ("Congress has also provided a mechanism by which aggrieved taxpayers may bring a civil action for damages against the United States in certain circumstances."); *Hassell v. U.S.*, 203 F.R.D. 241 (N.D.Tex.1999) (Taxpayer's exclusive remedy for recovering damages in connection with the collection of federal taxes which were caused by the reckless or intentional disregard of any provision of Internal Revenue Code is the filing of a civil action for damages against the United States, and thus taxpayer could not maintain action against officers of Internal Revenue Service (IRS) in their individual capacities.)

Accordingly, Plaintiff's claims under § 7433(a) must be dismissed, because they are improperly brought against a number of individuals, a bank, and a law firm, not against the United States. Because Plaintiff is *pro se*, however, the Court will provide her the opportunity to file an amended complaint against the proper defendant, the United States. *See Abbas*, 480 F.3d at 639 (Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

Plaintiff's amended complaint must also address each step taken to exhaust her administrative remedies with the IRS before filing this action and whether this action was brought "within 2 years after the date the right of action accrued." *See* 26 U.S.C. § 7433(d)(1)-(2).[3] "As a condition to waiver of sovereign immunity by the United States, an individual seeking to recover civil damages for taxes erroneously or illegally assessed or collected must first file an administrative claim for a refund with the IRS prior to filing suit in federal district court." *Dourlain v. U.S.*, 2005 WL 3021858, at *2 (N.D.N.Y. Sept. 19,

---

[3] Section 7433(d)(1)-(2) provides, in relevant part:

**(d) Limitations.--**

**(1) Requirement that administrative remedies be exhausted.**--A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

\* \* \*

**(3) Period for bringing action.**--Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

2005) (citing *Soffer v. United States*, 2002 WL 741653, *3 (S.D.N.Y. Mar. 20, 2002); 26 C.F.R. § 301.7433-1(d))).

### C. *BIVENS* CLAIM

The Court is obligated to construe a *pro se* litigant's claims liberally and "should be interpreted 'to raise the strongest arguments that they could suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (*quoting Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Even if the Court were to construe the claims brought herein as *Bivens* claims, they would be dismissed.

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), "the Supreme Court 'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (*quoting Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 69, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001)). The Supreme Court has cautioned repeatedly, however, that a *Bivens* remedy is an "extraordinary thing that should rarely if ever be applied in 'new contexts.'" *Arar*, 585 F.3d at 571 (quoting *Malesko*, 534 U.S. at 69, 122 S.Ct. at 520, 151 L.Ed.2d 456 (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 421, 108 S.Ct. 2460, 101 L.2d.2d 370 (1988)). Determining whether to recognize a *Bivens* remedy focuses on two questions: (1) whether there is an alternative remedial scheme available to the plaintiff, and (2) whether, in the absence of affirmative action by Congress, there are "special factors [that] counsel[] hesitation" in recognizing a cause of action. *Wilkie v. Robbins,* 551 U.S. 537, 550, 127 S.Ct. 2588, 168 L.Ed.2d 389 (2007) (internal quotations and citation omitted).

8

If Plaintiff's claims herein are construed as *Bivens* claims, they would nevertheless be dismissed because "Congress has . . . provided a mechanism by which aggrieved taxpayers may bring a civil action for damages against the United States in certain circumstances." *Hudson Valley Black Press,* 409 F.3d at 111 (citing 26 U.S.C. § 7433). "The civil damages action authorized by § 7433 complements the other administrative remedies which Congress has provided in regulating the relationship between those who pay taxes and those who collect them." *Id.* "Because of the complex remedial scheme that Congress has created, and the plain indication that the failure of Congress to provide a remedy for injuries arising from tax assessment was not inadvertent, every circuit that has considered the appropriateness of a *Bivens* remedy in the taxation context has uniformly declined to permit one." *Id.* at 113.

"Since the enactment of Section 7344 in 1988, numerous courts have found *Bivens* remedies unavailable in cases involving alleged Fourth and Fifth Amendment violations in connection with tax collections activities." *Colon v. Maddalone,* 1996 WL 556925, at *5 (S.D.N.Y. 1996) (collecting cases). As in *Colon,* "[t]here is no question that the actions taken by the defendants [here] were pursuant to IRS tax collection activities. . . . Congress has determined the appropriate remedy available for the allegedly unlawful activities of IRS agents in the collection of taxes. Section 7433 is the plaintiff's exclusive remedy for any wrongful actions taken by IRS agents in the collection of taxes." *Id.* at 6 (citations omitted). "[I]mproper treatment by IRS employees is not, in light of the Code's detailed and comprehensive remedial scheme, a sufficient basis upon which to extend a *Bivens* cause

of action to [the plaintiff's] due process claims." *Tonn v. United States*, 847 F.Supp. 711, 718 (D.Minn. 1993).

Accordingly, to the extent Plaintiff's claims herein are construed as claims brought under *Bivens*, they are dismissed with prejudice.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), her request to proceed *in forma pauperis* is granted. For the reasons set forth above, Plaintiff's complaint must be dismissed unless she files an amended complaint by **September 25, 2015**, in which she includes the necessary allegations regarding her claims under 26 U.S.C. § 7433, as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiff is forewarned that if she fails to file an amended complaint as directed, the complaint will be dismissed with prejudice.

## ORDERS

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* is GRANTED;

FURTHER, that Plaintiff is granted leave to file an amended complaint as directed above by **September 25, 2015**;

FURTHER, that Plaintiff's claims against defendants, Patrick O'Carrol Jr., John Koskinen, Robin Ashton, Gilbert Reyes, David S. Smith, Jeffrey T. Coloson, Phyllis Brown, John M. Janusz, Thomas R. Thomas, Frances F. Regan, Anne D. Melzer, Michael Smith, John O'Dea, Chris Collins, William D. McConnaughy, CPA, FEIN, SUCH & CRANE, LLP, Key Bank National, Dave Kepich, Mark K. Broyles, David P. Case, Susan H. Cahill, Nicole Manges, Kevin Tompsett, are DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to TERMINATE each of these defendants as parties to this action;

FURTHER, that in the event Plaintiff fails to file an amended complaint against the United States as directed above by **September 25, 2015**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint by **September 25, 2015**, the Clerk of Court shall close this case as dismissed with prejudice without further order; and

11

FURTHER, that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint by **September 25, 2015**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: August 25, 2015
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge