UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH ANN BUCZEK,

                Plaintiff,

v.

                **DECISION AND ORDER**
                15-CV-273S

UNITED STATES OF AMERICA,

                Defendant.

## I. INTRODUCTION

In this action, pro se plaintiff Deborah Ann Buczek alleges that the Internal Revenue Service unlawfully levied her assets to collect income taxes. Defendant United States of America ("the government") moved to dismiss Buczek's amended complaint under Rules 12 (b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. (Docket No. 8.) With briefing fully completed and oral argument deemed unnecessary, this Court will grant the government's motion and dismiss the amended complaint.

## II. BACKGROUND

**A.    Procedural History**

Buczek initiated this action on March 30, 2015, when she filed a 5-inch-thick complaint against a host of defendants, including the IRS, an IRS agent, a local Congressman, an accountant, a bank, and a law firm, all of whom she alleged participated in the unlawful levying of her assets. (Docket No. 1.) Upon screening under 28 U.S.C. § 1915 (e)(2)(B), this Court recognized Buczek's claim as falling under 26 U.S.C. § 7433,

which authorizes an action against only the government.  See 26 U.S.C. § 7433 (providing that a taxpayer may bring a civil action for damages related to the collection of tax "against the United States").  This Court therefore dismissed all named defendants and directed Buczek to file an amended complaint naming the government as the defendant.  (Docket No. 4.)

In compliance with this Court's directive, Buczek filed an amended complaint on September 25, 2015 (Docket No. 5), and a supplement to that complaint on October 13, 2015 (Docket No. 6), which in combination this Court has recognized as the operative amended complaint (Docket No. 7).[1]  This Court directed service of the amended complaint by the United States Marshals Service on February 27, 2017.  (Docket No. 7.) On May 12, 2017, the government moved to dismiss the amended complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted.  (Docket No. 8.) Briefing on that motion concluded on July 24, 2017.  (Docket No. 14.)

**B.    Facts**

The following facts, drawn from Buczek's amended complaint, are assumed true for purposes of assessing the government's motion to dismiss.  See Crupar-Weinmann v. Paris Baguette Am., Inc., 861 F.3d 76, 79 (2d Cir. 2017); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Buczek alleges that IRS agent Gil Reyes placed unauthorized levies on her social security benefits.  (Amended Complaint, ¶ 1.)  She maintains that Reyes has been "taking" her $914 monthly benefit since April of 2014.  (Id. at ¶¶ 2, 6.)  She further

---

1 Together, Buczek's amended complaint and supplement run a needless 539 pages.

2

alleges that the IRS twice took money from her bank account in March 2014 and April of 2015, totaling $946. (Id. at ¶ 2.) These levies, she claims, are unlawful because they exceed 15% of her monthly benefits. (Id.) Buczek alleges that Reyes improperly continued to levy her benefits even though she requested collection due process hearings under 26 U.S.C. § 6330 for tax years 2003, 2005, 2006, 2007, which she claims should have stopped his collection efforts. (Id. at ¶¶ 6, 7, 36.)

### III. DISCUSSION

Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Buczek is proceeding pro se, this Court has considered her amended complaint and other submissions accordingly.

Buczek brings her causes of action under U.S.C. § 7433 (id at ¶ 1); the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (Supplement, Docket No. 6, *passim*); and various criminal statutes (id. at p. 94). She seeks $1 million in compensatory damages, $1 million in punitive damages, and various other forms of statutory and injunctive relief. (Id.) The government moves to dismiss Buczek's § 7433 claim for failure to state a claim upon which relief can be granted and Buczek's remaining claims for lack of subject-matter jurisdiction (sovereign immunity).

**A.     Buczek's § 7433 claim must be dismissed because she failed to exhaust her administrative remedies.**

Buczek alleges that the government wrongfully levied her social security benefits

3

and that she is therefore entitled to damages under 26 U.S.C. § 7433. The government seeks to dismiss Buczek's § 7433 claim for failure to state a claim upon which relief can be granted because she failed to exhaust her administrative remedies.

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, 493 F.3d at 98. Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely

4

allege, that the pleader is entitled to relief.  Id. at 1950; Fed. R. Civ. P. 8 (a)(2).  Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits."  Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).  This examination is context specific and requires that the court draw on its judicial experience and common sense.  See Iqbal, 556 U.S. at 679.  First, statements that are not entitled to the presumption of truth, such as conclusory allegations, labels, and legal conclusions, are identified and stripped away.  See id.  Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."  Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim.  Id.

As discussed below, the United States, as sovereign, may be sued only to the extent that it consents to be sued.  United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941).  "When a statutory waiver of immunity exists, a plaintiff must strictly comply with the conditions to suit outlined by the statute or corresponding regulation."  Weisman v. Comm'r of IRS, 103 F. Supp. 2d 621, 626 (E.D.N.Y. 2000) (citing Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)).

In connection with the collection of any federal tax, the government has consented

5

to be sued for claims that "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [Title 26 of the United States Code]." 26 U.S.C. § 7433 (a). With one exception,[2] § 7433 provides the exclusive remedy for recovering damages from the collection of federal taxes. See id.

The government's waiver of sovereign immunity under § 7433 is, however, contingent on the exhaustion of administrative remedies: "A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433 (d)(1); see also Dourlain v. United States, No. 04-CV-372 (NAM/DEP), 2005 WL 3021858, at *2 (N.D.N.Y. Sept. 19, 2005) ("As a condition of waiver of sovereign immunity by the United States, an individual seeking to recover civil damages for taxes erroneously or illegally assessed or collected must first file an administrative claim for a refund with the IRS prior to filing suit in federal district court."). Mitigation of damages and assertion of the claim within two years of the date the right of action accrued[3] is also required. See 26 U.S.C. §§ 7433 (d)(2) and (3).

The Treasury regulations at § 301.7433-1 set forth the administrative remedies that must be exhausted before filing suit under § 7433 in federal district court. See 26 C.F.R. § 301.7433-1. To properly exhaust, a taxpayer must send an administrative claim

---

2 The exception is cases brought under 26 U.S.C. § 7432, which allows for civil damages "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." This exception is not applicable here.

3 A right of action accrues "when the taxpayer has had a reasonable opportunity to discovery all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1 (g)(2).

in writing to the Area Director of the area in which the taxpayer resides in the form specified in 26 C.F.R. § 301.7433-1 (e)(2).  See 26 C.F.R. § 301.7433-1 (e).  The taxpayer may then file suit in federal district court when either the administrative claim is adjudicated or six months after the administrative claim is filed, whichever is earlier.[4]  See 26 C.F.R. § 301.7433-1 (d).

Here, Buczek fails to sufficiently allege exhaustion in her amended complaint. Read broadly, the amended complaint includes only three allegations arguably related to exhaustion: (1) Buczek sent several requests for collection due process hearings under 26 U.S.C. § 6330 (Amended Complaint, ¶¶ 6, 7); (2) "I wrote several letters to IRS offices in this area" (id. at ¶ 7); and (3) "we checked with the IRS and there were no debts outstanding at that time . . . Therefore I have satisfied the requirement of exhaustion of administrative remedy for these" (id.).

Even assuming the truth of these allegations, Buczek nonetheless fails to allege that she sent correspondence to the IRS that met the specific requirements of 26 C.F.R. § 301.7433-1 (e)(2), and no such correspondence is included among the 539 pages of Buczek's amended complaint.  Rather, it is apparent from the amended complaint and Buczek's opposition papers that she failed to exhaust her administrative remedies.  She implicitly concedes as much by claiming that "no administrative remedies were available prior to bringing the instant action."  (Docket No. 13, p. 5.)  The provisions of 26 C.F.R. § 301.7433-1, however, were clearly applicable and available at all times relevant to

---

[4] If a taxpayer files an administrative claim during the last six months of the statute of limitations period, he or she may file an action in federal district court any time after the administrative claim is filed and before expiration of the statute of limitations.  See 26 C.F.R. § 301.7433-1 (d)(2).

Buczek's amended complaint.  See 26 C.F.R. § 301.7433 (i).  Accordingly, this Court finds that Buczek failed to exhaust her administrative remedies.  See Doe No. 1 v. Knights of Columbus, 930 F. Supp. 2d 337, 350 (D. Conn. 2013) (noting that a complaint is subject to dismissal under Rule 12 (b)(6) when an affirmative defense appears on the face of the complaint) (citing Staehr v. Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 425 (2d Cir. 2008)).

Consequently, because Buczek failed to exhaust her administrative remedies, her § 7433 claim must be dismissed.[5]  See Rae v. United States, 530 F. Supp. 2d 127, 129-31 (D.D.C. 2008) (dismissing § 7433 claim under Rule 12 (b)(6) for failure to properly exhaust the administrative remedies set forth in 26 C.F.R. § 301.7433-1); see also Music Deli & Groceries, Inc. v. I.R.S., Dist. of Manhattan, 781 F. Supp. 992, 997 (S.D.N.Y. 1991) (same).

**B.  Buczek's FDCPA claims must be dismissed under the sovereign immunity doctrine.**

Buczek purports to assert FDCPA claims, which the government moves to dismiss for lack of subject-matter jurisdiction.

Buczek, as the party seeking to invoke the court's jurisdiction, bears the burden of demonstrating proper subject-matter jurisdiction.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936); Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996).  In turn, a defendant may assert lack of subject-matter jurisdiction as a defense under Rule 12 (b)(1), which permits dismissal of an action

---

[5] It must be noted that this Court specifically advised Buczek of the exhaustion requirements before and in contemplation of the filing of her amended complaint.  (Docket No. 4, pp. 7-8 and n. 3.)

if the "district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

The United States, as sovereign, may be sued only to the extent that it consents to be sued. See Sherwood, 312 U.S. at 586. Only Congress can waive this sovereign immunity defense, and it must do so expressly. United States v. Nordic Vill., 503 U.S. 30, 33-34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992). If sovereign immunity is not waived, the court lacks jurisdiction to hear the case. See F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 1627, 118 L. Ed. 2d 255 (1992).

Here, Congress has not waived sovereign immunity or consented to be sued under the FDCPA. See Wagstaff v. United States Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007) ("the FDCPA does not contain an unequivocal and express waiver of sovereign immunity"); Perry v. Wright, No. 12 Civ. 0721 (CM), 2013 WL 950921, at *5 (S.D.N.Y. Mar. 8, 2013); Allen v. U.S. Dep't of Educ., 755 F. Supp. 2d 122, 124 (D.D.C. 2010). And in any event, officers and employees of the United States collecting or attempting to collect a debt as part of their official duties are expressly excluded as "debt collectors" under the FDCPA. See 15 U.S.C. § 1692a (6)(C). Buczek's FDCPA claims must therefore be dismissed for lack of subject-matter jurisdiction.

## C. Buczek's remaining claims must be dismissed because she cannot assert claims under federal criminal statutes.

Buczek's remaining claims are brought under several criminal statutes. [6] (Supplement, p. 94.) It is well settled, however, that there are no private rights of action

---

[6] Buczek purports to bring claims under 18 U.S.C. § 1341 (frauds and swindles) and 18 U.S.C. §§ 1961, 1962, and 1964 (all relating to racketeering). (Supplement, p. 94.)

9

under the federal criminal statutes. See Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints."); see also Sheehy v. Brown, 335 Fed.Appx. 102, 104 (2d Cir. 2009) ("federal criminal statutes do not provide private causes of action"); DeSouza v. Taiman, No. 3:16-CV-00490, 2017 WL 34444672, at *6 (D. Conn. Aug. 10, 2017). Buczek's claims arising out of federal criminal statutes must therefore be dismissed.

## IV. CONCLUSION

For the reasons stated above, this Court finds that (1) Buczek's § 7433 claim must be dismissed for failure to exhaust administrative remedies, (2) Buczek's FDCPA claims must be dismissed under the sovereign immunity doctrine, and (3) Buczek's remaining claims must be dismissed because she cannot assert claims under federal criminal statutes. The government's motion to dismiss will therefore be granted.

## V. ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Dismiss (Docket No. 8) is GRANTED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: May 8, 2018
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge